[Crim. No. 10755. First Dist., Div. Two. Jan. 30, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
RICHARD L. SMITH, Defendant and Appellant.

## COUNSEL

Jack T. Hirshon, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and W. Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**THE COURT.**—Appellant was found guilty of possession of a concealable firearm by an ex-felon under section 12021 of the Penal Code. He now appeals from the judgment thereon, seeking a review of an order made with regard to his motion to suppress evidence at trial.

The circumstances related at trial indicate sufficient justification for the officers' approaching appellant and patting him down for weapons. The officers had received a report of a possible burglary, which stated that two Negro males were walking down the street in a particular location, carrying a TV and stereo equipment. Having proceeded immediately to that location, which was only five or six blocks away from where they were, they saw an automobile double-parked in the traffic lane near a stop sign. There were four Negro males around the open trunk of the car, and upon approaching the car the officers saw what appeared to be stereo equipment protruding from the open trunk. As the officers approached, appellant backed away and appeared nervous, at which point he was patted down for weapons, and the revolver which was the subject of his motion was found.

The initial approach for investigation here was justified, not only on the unarticulated basis that an apparent Vehicle Code violation was taking place, but on the grounds that there were specific, articulable facts indicating a rational suspicion that the activity observed here was out of the ordinary and also related to crime. (*People* v. *Henze* (1967) 253 Cal. App.2d 986, 988 [61 Cal.Rptr. 545].) It has been held reasonable to stop and detain a vehicle described in a police radio report as having just participated in a reported robbery. (*Ojeda* v. *Superior Court* (1970) 12 Cal.App.3d 909, 918 [91 Cal.Rptr. 145].) Thus, it was reasonable to approach a vehicle stopped in violation of the law in the specific vicinity where a possible burglary had been reported almost immediately prior to this and items fitting the general description of those reportedly involved are seen in the vehicle.

A frisk following a detention for investigation "is an additional intrusion, and can be justified only by specification and articulation of facts supporting a reasonable suspicion that the individual detained is armed; . . ." (*Cunha* v. *Superior Court* (1970) 2 Cal.3d 352, 356 [85 Cal.Rptr. 160, 466 P.2d 704].) There must be a reasonable belief by the officer that his safety, or that of others, is in danger. (*Terry* v. *Ohio* (1968) 392 U.S. 1, 26 [20 L.Ed.2d 889, 908-909, 88 S.Ct. 1868].)

In the present case, the fact that the officers were investigating

the report of a possible serious offense, and the fact that there were four adult males standing around the car and only two police officers, warranted a belief in the existence of possible danger.

In addition to the fact that the pat-search was justified, appellant's motion to suppress was improperly made for the first time at trial, and although the trial court chose to entertain the motion over the prosecution's objection on this basis, it was incumbent upon the court not to do so.

Section 1538.5 in subdivision (m) of the Penal Code states that the proceedings provided for under the section, along with sections 995, 1238 and 1466 of the same code, dealing with dismissal of the information and appeals, shall constitute the *sole and exclusive* remedies prior to conviction to test the unreasonableness of a search and seizure under a motion to suppress evidence. The only provision made in section 1538.5 for a motion to be raised during trial is contained in subdivision (h), which provides for such a motion when the opportunity did not exist, or the defendant was not aware of the grounds for the motion, prior to trial.

In the case of *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605 [94 Cal.Rptr. 250, 483 P.2d 1202] which dealt with a renewal of a pretrial motion at trial, although there was no direct holding with regard to motions made for the first time at trial, the court did discuss the legislative intent behind section 1538.5 of the Penal Code. It was specifically noted that two of the reasons given by the Assembly Committee on Criminal Procedure for the desirability of limiting motions to suppress at trial were the disadvantageous use of jury time resulting from the determination of search and seizure questions during the course of trial, thereby interrupting the trial's continuity, and also that requiring motions to be made prior to trial would afford the prosecution the opportunity to obtain appellate review of adverse rulings before trial had commenced and jeopardy had attached. (See 22 Assem. Interim Com. Report No. 12 (1965-1967) pp. 14, 15-16.) Thus, the court went on to say, the proposed drafts, which were approved of in this regard by the Assembly committee, contained restricted provisions for making motions for the first time at trial. Those provisions are now embodied in subdivision (h) of the section, which was amended in 1970 to omit a provision allowing the trial court to hear such motions at trial at its discretion.

■ In view of the legislative intent with regard to motions to suppress at trial and its recognition by the Supreme Court in *People* v. *Superior Court (Edmonds)*, *supra,* the only grounds upon which appellant could properly have made his motion for the first time at trial would have been

those presently given in subdivision (h) of section 1538.5. There is no evidence in the record that appellant did not have the opportunity prior to trial, or that he was unaware of the grounds for such motion prior to trial. The information on the weapon possession charge was filed September 16, 1971, and the trial of the matter commenced January 31, 1972. Defense counsel should have had all of the evidence with regard to the detention and frisk long before trial, and there has been no apparent change in the law which would have created new grounds for the motion. (See *People* v. *Werber* (1971) 19 Cal.App.3d 598, 603 [97 Cal.Rptr. 150].)

On this basis the evidence was properly admitted into evidence during the trial.

The judgment is affirmed.

On February 15, 1973, the opinion was modified to read as printed above.