554 So.2d 620 (1989)
The STATE of Florida, Appellant,
v.
Lincoln STEWART and Sheila Stewart, Appellees.
No. 89-583.
District Court of Appeal of Florida, Third District.
December 26, 1989.
*621 Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellant.
Joseph W. Gibson, Miami, for appellees.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
PER CURIAM.
The state appeals the sua sponte dismissal of this case by the trial court contending that the dismissal was unwarranted. We agree and reverse.
The record reflects that the trial court dismissed the charges against the Stewarts based upon its determination that probable cause did not exist for the police to have entered the Stewarts's premises. This decision was based solely on the argument of defense counsel. No motion to dismiss, either sworn or unsworn, was made by the defendants pursuant to Rule 3.190 of the Florida Rules of Criminal Procedure.
Here, the trial court interfered with the exercise of prosecutorial discretion in determining that the case was not appropriate for prosecution. The law is clear that, once the prosecutor has determined that a particular cause of action should be prosecuted, it becomes the responsibility of the trial court to adjudicate those issues and questions which are properly placed before the court, such as occurs when the defendant files a sworn motion to dismiss pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure. State v. Earl, 545 So.2d 415, 416 (Fla.3d DCA 1989).
Accordingly, the order of dismissal entered by the trial court in this case is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.