554 So.2d 620 (1989)
Ivan QUEVEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-938.
District Court of Appeal of Florida, Third District.
December 26, 1989.
Bennett H. Brummer, Public Defender and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
As we held in Russell v. State, 415 So.2d 797 (Fla. 3d DCA 1982), review denied, 427 So.2d 737 (Fla. 1983), with respect to the crime of robbery, the mere fact that one, like Quevedo, is reasonably suspected of having committed a burglary in itself justifies a Terry pat-down and frisk for weapons. United States v. Moore, 817 F.2d 1105 (4th Cir.1987), cert. denied, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987); People v. Myles, 50 Cal. App.3d 423, 123 Cal. Rptr. 348 (1975); 3 W. LaFave, Search and Seizure § 9.4(a), at 506 (2d ed. 1987), and cases collected at note 29. ("[C]ourts have been inclined to view the right to frisk as being `automatic' whenever the suspect has been stopped upon the suspicion that he has committed, was committing, or was about to commit a type of crime for which the offender would likely be armed, whether the weapon would be used to actually commit the crime, to escape if the scheme went awry, or for protection against the victim or others involved. This includes such suspected offenses as ... burglary."). This rule validates the order below denying a motion to suppress the contraband discovered during a founded Terry stop and frisk which was conducted in an investigation of that crime.
Affirmed.