DAUKSCH, Judge.
These cases involve appeals from orders dismissing petitions in juvenile delinquency proceedings. We consolidate them for appeal purposes. The state may appeal such orders. § 39.14(l)(b)l, Fla.Stat. (1987).
In each case the trial judge dismissed the petition, over appellant’s objection, at arraignment and without giving the state the opportunity to present evidence. The judge permitted the respondent children and parents to testify or give statements but did not afford the appellant the same right. Before dismissing the petitions the judge did consider the police reports but that is not a proper substitute for trial.
Fundamental fairness not to mention the statutes and rules of procedure governing juvenile proceedings and trial proceedings generally requires reversal. We understand the reasons why the trial judge felt it best to dismiss the petitions but cannot agree he had the legal right to do so without first considering evidence from both sides.
In one case the child was charged with trespass after warning. The boy said he got out of high school and walked across the street and through.middle school property, a shortcut home. The child admitted his guilt and said he had been told not to use the school property as a shortcut home. The police report bears out the child’s testimony. The judge dismissed the petition.
In another case the child was in a parking lot when a police car pulled in. He, along with others, ran away and hid in *523 some bushes. The police contacted his mother and said he “was wanted by CPD for loitering and prowling and for resisting arrest without violence.” This, according to the police report, was the sum total of all evidence of this child’s delinquency. The child said he “just went across this parking lot to find a ride home, and the police came — pulled up there and everybody kind of took off.” The court asked him, “Where had you come across the street from?” He answered, “From my friend’s house right across the street. Everybody parks in the parking lot right across the street ‘cause there’s no room in his driveway.’ ” The police report says, “The duplex apartments across the street from [the parking lot] have been a frequent site of cocaine usage and raids by CCIB. There are a number of recent residential and auto burglaries in the area.”
Another case involved a female child who was in the passenger seat of a car. An adult male was in the driver’s seat and the car was in a vacant lot. A policeman asked permission to search the car and the male, presumably the owner and driver, gave permission. The policeman found some marijuana in a cigarette pack which was on the console of the car. The male also had some on his person. None was alleged to have been found on the child. The child is deaf so the report says, so no statement was taken from her by the police. The judge apparently reasoned that the marijuana belonged to the male and dismissed the charges.
The last case involves a child'who allegedly stole a six-pack of batteries from a grocery store. His parents came to arraignment and said he was a candidate for the Job Corps and that pending charges were keeping him from getting into that program. The judge assisted by dismissing the charges.
The decision as to who will be charged with crimes, or delinquency, rests solely with the state attorney, so the court has no authority to try to control that aspect of criminal or juvenile proceedings. Until both sides have an opportunity to present their evidence the judge cannot make a proper decision even if he feels he can anticipate the inevitable outcome.
We reverse the orders and remand for trial.
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.