PER CURIAM.
Appellant, the State of Florida, appeals the sua sponte dismissal of this ease by the court, asserting that the dismissal was unwarranted. We agree and reverse.
The State filed a petition for delinquency charging the juvenile with one count of petit theft. The juvenile was neither arraigned nor entered a plea to the charge, in violation of Florida Rule of Juvenile Procedure 8.070. No motion to dismiss, either sworn or un-sworn, had been made by the juvenile under Florida Rule of Juvenile Procedure 8.085.
Several months later, the court sua sponte disposed of the ease. Over the State’s objection, the court issued a judicial warning even though the juvenile was not present in court. The net effect was a dismissal of the charge.
Here, as in State v. Stewart, 554 So.2d 620, 621 (Fla. 3d DCA 1989), “the trial court interfered with the exercise of prosecu-torial discretion in determining that the case was not appropriate for prosecution.” The law is well settled that once the prosecutor has determined that a particular case should be prosecuted, it then becomes the responsibility of the trial court to adjudicate only those issues properly placed before the court. Id.
The trial court’s order, despite its label, was an order dismissing the charge in the petition for delinquency. See State v. Hankerson, 482 So.2d 1386 (Fla. 3d DCA 1986) (order reducing charge of robbery to theft on ground that facts did not support robbery prosecution was an order dismissing the charge). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.