COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


AMY MICHELLE NELSON
                                        OPINION
v.         Record No. 1623-96-1    BY JUDGE JOSEPH E. BAKER
                                      JUNE 3, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge

          Charles P. Tench (Jones, Blechman, Woltz &
          Kelly, P.C., on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Amy Michelle Nelson (appellant) appeals from her bench trial

conviction by the Circuit Court of the City of Newport News

(trial court) for possession of cocaine in violation of Code

§ 18.2-250.  She contends that the cocaine was discovered during

an unlawful search of her person.  The sole issue presented is

whether the trial court erred in refusing to suppress the cocaine

evidence discovered as a result of an anticipated pat-down search

of appellant.  Finding no error, we affirm the judgment of the

trial court.

     In reviewing a trial court's denial of a motion to suppress,

"[t]he burden is upon [the appellant] to show that this ruling,

when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.  Fore v.

Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).  We

"review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." <u>Ornelas v. United States</u>, 116 S. Ct., 1657, 1663 (1996). We review <u>de</u> <u>novo</u> the ultimate questions of reasonable suspicion and probable cause. <u>See</u> <u>id.</u>

Viewed accordingly, the record reveals that at approximately 10:34 p.m. on August 2, 1995, Officers Lee Ann McGraw and Peter Edgette of the Newport News Police Department were dispatched to 208 Nina Court to investigate a possible burglary in progress at 210 Nina Court.[1] When the officers arrived at 208 Nina Court, the neighbor told them that she had observed a black female wearing a black skirt and multi-colored top leaving 210 Nina Court and walking toward Colony Road. The neighbor explained that she suspected a burglary because the residents of 210 Nina Court were not at home and she had never before seen this person leaving the 210 Nina Court address.

Officers McGraw and Edgette, in separate vehicles, drove toward Colony Road and observed appellant, a black female dressed exactly as the neighbor described. Appellant was carrying an eight-inch straightened piece of a coat hanger which she laid on the curb as the officers approached her. She was agitated and sweating profusely. In police uniforms, the officers approached

---

[1]A neighbor who lived at 208 Nina Court had called in the burglary information.

- 2 -

appellant and asked for identification. She said that she had none. Appellant told the officers that she was walking toward her home in Courthouse Green; however, she was not traveling toward the stated destination. Appellant's statements became increasingly confusing and inconsistent as she attempted to explain her actions to the officers.

After appellant made the confusing and inconsistent statements, the officers decided to further investigate the burglary complaint. Intending to place appellant in the police patrol car as they completed their investigation, Officer McGraw advised appellant to place her hands on the rear of the patrol car. McGraw intended to conduct a pat-down search for weapons. Edgette escorted appellant to the car where, instead of complying with McGraw's direction, appellant moved her right hand to her waistband and threw the complained of evidence onto the ground. Appellant then kicked the item across the street. The officers placed appellant in the car and retrieved the item, which proved to be a silver metal stem that contained cocaine.

Thereafter, a white male wearing only underwear shorts approached the scene. The man had a strong odor of alcohol about him, and Officer Edgette concluded the man was intoxicated. The man had no identification about his person. He stated that he was the owner of 210 Nina Court, that no burglary had taken place there, and that appellant had been playing cards with him.

At trial, appellant conceded that the officers had a right

to "momentarily detain [her]." The record clearly supports their action. See Terry v. Ohio, 392 U.S. 1 (1968) (a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest). Assessing the totality of the circumstances, the record shows that the officers had a particularized and objective basis for suspecting that appellant may have been engaged in criminal activity. See Leeth v. Commonwealth, 223 Va. 335, 340, 288 S.E.2d 475, 478 (1982). Once a suspect has been properly detained, a police officer may conduct a limited pat-down search for weapons if the officer reasonably believes that the suspect may be armed. Lansdown v. Commonwealth, 226 Va. 204, 211, 308 S.E.2d 106, 111 (1983), cert. denied, 465 U.S. 1104 (1984).

The record establishes that the officers were investigating a report that a burglary had taken place at the address from which appellant had been seen exiting. Burglary is a felony that clearly has the potential for or is accompanied by violence. See Wayne R. LeFave, Search and Seizure, § 9.5(a) at 255 (3d ed. 1996). The offender is subject to a substantial penitentiary term. See Code §§ 18.2-89, 18.2-10. The character of the offense is a circumstance which the investigating officer may consider when determining what safety precautions to take. Williams v. Commonwealth, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987); see also Terry, 392 U.S. at 28. Where burglary is the

crime for which the suspect is lawfully detained, it is not unreasonable for the investigating officer to conduct a pat-down search to assure his or her safety as the investigation continues.[2]

Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him or her at the time and not on the officer's actual state of mind at the time the challenged action was taken. Maryland v. Macon, 472 U.S. 463, 470-71 (1985); see also Limonja v. Commonwealth, 8 Va. App. 532, 538, 383 S.E.2d 476, 480 (1989) (en banc), cert. denied, 495 U.S. 905 (1990). Here, the record reveals that the police received information that a burglary had been or was occurring at 210 Nina Court, and that a black female wearing a multi-colored blouse and black skirt had just departed from the premises. Appellant met the description given and was found near 210 Nina Court. These factors may be considered in determining whether further investigation was warranted. See Alabama v. White, 496 U.S. 325 (1990); Boyd v. Commonwealth, 12 Va. App. 179, 189-90, 402 S.E.2d

---

[2]See Brown v. State, 684 P.2d 874 (Alaska Ct. App. 1984); People v. Myles, 50 Cal. App. 3d 423, 430, 123 Cal. Rptr. 348, 352 (1975); Quevedo v. State, 554 So.2d 620 (Fla. Dist. Ct. App. 1989); State v. Burgess, 661 P.2d 344 (Idaho Ct. App. 1983); People v. Solis, 482 N.E.2d 207 (Ill. App. Ct. 1985); State v. Cobbs, 711 P.2d 900 (N.M. Ct. App. 1985); People v. Mack, 258 N.E.2d 703, 707 (N.Y. 1970), cert. denied, 400 U.S. 960 (1970); State v. Fent, 562 P.2d 1239 (Or. Ct. App. 1977); State v. Carter, 707 P.2d 656, 660 (Utah Ct. App. 1985); State v. Harvey, 707 P.2d 146 (Wash. Ct. App. 1985).

914, 920–21 (1991). Clearly, the officers had reasonable suspicion of appellant's possible involvement in a burglary.

Once an officer has lawfully stopped a suspect, the officer is authorized to take such steps as are reasonably necessary to protect his or her personal safety and to maintain the status quo during the course of the stop. Servis v. Commonwealth, 6 Va. App. 507, 519, 371 S.E.2d 156, 162 (1988). We hold that the pat-down search of appellant was reasonably necessary to protect the officers' safety and to maintain the status quo during the stop. Therefore, the search was not in violation of the Fourth Amendment.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.