821 So.2d 1179 (2002)
STATE of Florida, Appellant,
v.
D.W., a child, Appellee.
No. 3D02-1566.
District Court of Appeal of Florida, Third District.
July 24, 2002.
Robert A. Butterworth, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Roy A. Heimlich, Assistant Public Defender, for appellee.
Before GERSTEN, SHEVIN, and SORONDO, JJ.
PER CURIAM.
Appellant, the State of Florida ("State"), appeals the sua sponte dismissal of a petition for delinquency against appellee, D.W., a juvenile ("D.W."). We reverse and remand for a new trial.
This case arises from a petition for delinquency against D.W., who is accused of threatening a teacher. D.W. was questioned by the trial court, and the court read the arrest report into the record. The arrest report revealed that D.W. walked up to his teacher, fists balled up, repeatedly called her a liar about his actions *1180 earlier in class, and stated to her, "listen to me or I'll hurt you."
Following the reading of the arrest report, the trial judge sua sponte dismissed the petition for delinquency, with prejudice. The State now appeals the trial court's sua sponte dismissal of its petition.
The State asserts that the trial court interfered with prosecutorial discretion because the trial judge determined the case was not appropriate for prosecution and dismissed the action without taking evidence from both sides at an adjudicatory hearing. In contrast, D.W. contends that the trial judge properly dismissed the petition for delinquency because it did not allege a delinquent act or a violation of law.
The prosecutor is the only one who has the authority to make decisions relating to the allocation of prosecutorial resources. See State v. Earl, 545 So.2d 415 (Fla. 3d DCA 1989). Even where a trial judge has good reason to dismiss a petition, he cannot interfere with the exercise of prosecutorial discretion. Trial judges do not have the authority to participate with the State in making "screening" decisions as to which cases should or should not be prosecuted. See State v. Earl, 545 So.2d at 416. The trial court may adjudicate only those issues or questions which are properly placed before the court, such as occurs when the defendant files a sworn motion to dismiss. See State v. K.L., 626 So.2d 1027 (Fla. 3d DCA 1993); State v. Stewart, 554 So.2d 620 (Fla. 3d DCA 1989).
Hence, a juvenile delinquency proceeding may not be dismissed sua sponte, over the State's objection, without giving the State an opportunity to present evidence. See State v. S.C., 558 So.2d 522 (Fla. 5th DCA 1990). Although the arrest report was considered by the trial judge, it is not a proper substitute for the State's presentation of its case. State v. S.C., 558 So.2d at 522. The trial judge exceeded his authority and the order below must be reversed.
Reversed and remanded for a new trial.