Filed 2/27/26  P. v. Sims CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102418 |
| Plaintiff and Respondent, | (Super. Ct. No. 23F5449) |
| v. | |
| KYLE RICHARD SIMS, | |
| Defendant and Appellant. | |

A jury found defendant Kyle Richard Sims guilty of 39 offenses, many involving the possession and sale of drugs, committed on multiple dates.  On appeal, defendant challenges the sufficiency of the evidence supporting six of these convictions from three occurrences, including the aggravating circumstance he possessed a large quantity of contraband attached to three of those convictions.  He also contends the abstract of judgment must be corrected to reflect the trial court's oral pronouncement of judgment and amended to include four additional days of conduct credit.  The People agree defendant's abstract must be corrected and that he is entitled to additional conduct

1

credits, but disagree the evidence was insufficient to convict defendant of the offenses and aggravating circumstances he challenges.

We conclude the evidence does not support the challenged large quantity aggravating circumstances but is otherwise sufficient to sustain the jury's verdicts. Because the record clearly reflects the trial court would have imposed the middle term for the count in which it imposed the upper term, remand would be an idle act, and we modify the judgment accordingly. After the opening brief was filed, the trial court issued an amended abstract of judgment that corrected the errors to defendant's credits and sentence the parties noted in briefing, thus those issues are moot. The judgment is affirmed as modified.

FACTUAL AND PROCEDURAL BACKGROUND

Because defendant challenges the sufficiency of the evidence supporting six of his 39 convictions, we detail the evidence relevant to only the six challenged convictions.

In October 2020, Shasta County Sheriff's Detective Travis Ridenour searched a garage where defendant and his girlfriend were living. Directly underneath the bed where defendant and his girlfriend slept, Detective Ridenour found a metal box with drugs, including methamphetamine and heroin. Detective Ridenour also found digital scales, plastic bags, used and unused syringes, drugs packaged in small quantities, and over $1,000 in small bills. During the search, defendant's girlfriend began crying and admitted to Detective Ridenour the drugs were her drugs. Despite defendant's girlfriend's admission, she was unable to confirm with Detective Ridenour where the drugs were found or the contents of the metal box.

In December 2020, Detective Ridenour searched defendant after he arrived at a home Detective Ridenour knew had connections to drug use and sales. During the search, Detective Ridenour found a large amount of money in several denominations, including small bills, and a pouch with two digital scales, syringes, 3.7 grams of methamphetamine in a single bag, and a large quantity of heroin in multiple bags. In

2

Detective Ridenour's opinion, the quantity of the methamphetamine was not unreasonable for personal use. Still, Detective Ridenour believed defendant's possession of the drugs, money, and scales indicated defendant's intent was to sell the drugs in his possession. Detective Ridenour also testified the typical dose of heroin or methamphetamine for an average user is 0.1 grams for seven hours of intoxication.

In September 2021, Detective Ridenour saw defendant leave a house he knew had connections to drug use and sales and get into the back seat of a car. During a later search of the car, Shasta County Sheriff's Deputy Marcus Miyasato found multiple bags containing methamphetamine and one bag containing 1.7 grams of heroin. In Deputy Miyasato's opinion, defendant's possession of the heroin was for the purpose of sale because it matched the weight of a common unit for street sale and was located with other drugs packaged for sale.

Based on the evidence above, and relevant to defendant's issues on appeal, the jury found defendant guilty of possessing heroin (count 16) and methamphetamine (count 18) for sale, as well as possessing an injection device (count 19) during the October 2020 search; possessing for sale and transporting for sale methamphetamine during the December 2020 search (counts 22 & 23); and possessing for sale heroin during the September 2021 search (count 44). The jury further found true the aggravating circumstance defendant's possession of methamphetamine during the December 2020 search and heroin during the September 2021 search constituted a large quantity of contraband. Based on all the guilty verdicts and true findings, the trial court sentenced defendant as a second-strike offender to a total term of 50 years eight months in prison, including an upper term based on the large quantity aggravating circumstance for his possession for sale of methamphetamine during the December 2020 search.

Defendant appeals.

DISCUSSION

I

*Defendant's Sufficiency Of The Evidence Challenges*

Defendant raises several sufficiency of the evidence claims regarding the convictions detailed above and whether the prosecution adequately demonstrated various elements of the possession offenses and large quantity aggravating circumstances.  We address each contention in turn.

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)  " 'An appellate court must accept logical inferences that the [trier of fact] might have drawn from the evidence even if the court would have concluded otherwise.' " (*People v. Halvorsen* (2007) 42 Cal.4th 379, 419.)  " ' " 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.' " ' " (*People v. Beck and Cruz* (2019) 8 Cal.5th 548, 627.)

Before a verdict may be set aside for insufficiency of the evidence, a party must demonstrate " 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)  The same standard of review applies when the conviction rests on circumstantial evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)  "The standard of appellate review for determining the sufficiency of the evidence supporting an enhancement is the same as that applied to a conviction." (*People v. Weddington* (2016) 246 Cal.App.4th 468, 483.)

A

*Sufficient Evidence Demonstrated Defendant's*

*Possession Of Drugs Found In The October 2020 Search*

Defendant contends the record lacks sufficient evidence demonstrating the possession element for three crimes charged in connection with the October 2020 search of defendant's bedroom, i.e. possession of heroin for sale (count 16), possession of methamphetamine for sale (count 18), and possession of an injection device (count 19). We disagree.

"Possession may be actual or constructive. Actual possession means the [contraband] is in the defendant's immediate possession or control. A defendant has actual possession when [that defendant] has the [contraband]. Constructive possession means the [contraband] is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 831.) Dominion and control is readily found when the controlled substance is discovered in a place such as a defendant's residence, vehicle, or among his, her, or their personal effects. (*People v. Busch* (2010) 187 Cal.App.4th 150, 162.) " 'Exclusive possession is not necessary. A defendant does not avoid conviction if his[, her, or their] right to exercise dominion and control over the place where the contraband was located is shared with others.' " (*Id.* at p. 161.) Mere proximity to a prohibited item, however, is not sufficient evidence of possession. (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, disapproved on another ground in *People v. Farwell* (2018) 5 Cal.5th 295, 304 & fn. 6.)

The evidence established the controlled substances and injection device were found under a bed in a garage defendant and his girlfriend lived in and used as their home. Contrary to defendant's contention, possession of any given contraband is not limited to just one person and can be held jointly. (*People v. Busch*, *supra*, 187 Cal.App.4th at p. 161.) Indeed, here, defendant and his girlfriend exercised joint

5

dominion and control over the space where the contraband was found given it was under their bed in their residence. This is enough to demonstrate constructive possession of the contraband by defendant. (See *People v. Saldana* (1984) 157 Cal.App.3d 443, 455 [constructive possession of drugs shown where the defendant jointly occupied the bedroom where drugs were found].)

Defendant disagrees, arguing the evidence demonstrated his girlfriend possessed the contraband and he was merely in close proximity to it. He points to his girlfriend's admission to officers that she owned the contraband and Detective Ridenour's obvious bias in his investigation. But whether defendant's girlfriend's testimony should be believed over Detective Ridenour's testimony regarding his investigation is a credibility question reserved for the jury. (*People v. Beck and Cruz*, *supra*, 8 Cal.5th at p. 627.) The evidence shows defendant's girlfriend was unable to provide details regarding the contraband when asked. This, along with the circumstances of the contraband's discovery, make it a reasonable inference that the drugs found in the shared space did not belong to defendant's girlfriend and instead belonged exclusively to him, i.e., the only other occupant of the home.

Moreover, cases concluding the evidence demonstrated merely proximity, as opposed to possession, are distinguishable. For example, in *People v. Martin* (1973) 9 Cal.3d 687, 696, the court concluded the evidence demonstrated the defendant had "mere access or proximity" when the stolen goods were found in his codefendant's car without evidence linking the stolen goods to the defendant. Similarly, in *People v. Myles* (1975) 50 Cal.App.3d 423, 429, the evidence was insufficient to establish possession of stolen televisions found in the trunk of a car in which the defendant was a passenger. Finally, in *People v. Zyduck* (1969) 270 Cal.App.2d 334, 335-336, the appellate court rejected the argument "that [the] defendant's mere presence in a car owned and driven by another, in which the stolen property is readily visible, is enough to show possession." As opposed to these cases, where the defendants did not exercise dominion or control

6

over the space where the contraband was found, defendant did exercise dominion and control over the garage and the bed where the contraband was found.

Accordingly, sufficient evidence supports the jury's verdicts defendant possessed the heroin, methamphetamine, and injection device discovered during the October 2020 search.

B

*Sufficient Evidence Demonstrated Defendant's Intent To Sell*
*The Drugs Found In The December 2020 And September 2021 Searches*

Defendant contends the evidence was insufficient to demonstrate he intended to sell the methamphetamine found during the December 2020 search (counts 22 & 23), as well as the heroin found during the September 2021 search (count 44). We disagree.

"Unlawful possession [or transportation] of a controlled substance for sale requires proof the defendant possessed the contraband with the intent of selling it and with knowledge of both its presence and illegal character." (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745-1746.) "The crimes can be established by circumstantial evidence and any reasonable inferences drawn from that evidence." (*Ibid.*) "In cases involving possession of [controlled substances], experienced officers may give their opinion that the narcotics are held for purposes of sale based upon such matters as the quantity, packaging and normal use of an individual; on the basis of such testimony convictions of possession for purpose of sale have been upheld." (*People v. Newman* (1971) 5 Cal.3d 48, 53, disapproved on other grounds in *People v. Daniels* (1975) 14 Cal.3d 857, 862.) In most circumstances, "it is for the jury to credit such opinion or reject it." (*People v. Harris* (2000) 83 Cal.App.4th 371, 374-375.)

But in some circumstances, an expert's opinion that narcotics are possessed for sale, "may not be held to be substantial evidence to support the conviction." (*People v. Hunt* (1971) 4 Cal.3d 231, 237.) As our Supreme Court explained in *Hunt*: " ' "The chief value of an expert's testimony in this field, as in all other fields, rests upon the

7

*material* from which [the expert's] opinion is fashioned and the *reasoning* by which [the expert] progresses from his[, her, or their] material to his[, her, or their] conclusion . . . it does not lie in his[, her, or their] mere expression of conclusion." (Italics added.) [Citation.] In short, "Expert evidence is really an argument of an expert to the court, and is valuable only in regard to the proof of the *facts* and the validity of the *reasons* advanced for the conclusions." (Italics added.)' " (*Ibid.*, quoting *People v. Bassett* (1968) 69 Cal.2d 122, 141.)

For the December 2020 search, defendant was discovered with 3.7 grams of methamphetamine in a single bag, along with heroin stored in multiple bags. Detective Ridenour testified he believed defendant's possession of these drugs was for the purpose of sale because defendant possessed them with a large amount of money in several denominations and digital scales. Similarly, the September 2021 search yielded a single bag of heroin weighing 1.7 grams, along with a larger amount of methamphetamine distributed among several bags. Deputy Miyasato testified he believed the heroin was possessed for the purpose of sale because it was in a common unit for street sale and was located with other drugs packaged for sale.

Defendant argues these facts do not demonstrate sale because the methamphetamine from the December 2020 search and the heroin from the September 2021 search were in small quantities indicative of personal use. He argues the presence of the other drugs in sellable quantities cannot transform drugs meant for personal use into drugs meant for sale. Not so. Defendant does not point to authority linking an inference of intent to sell exclusively to the quantity of drugs possessed, and we have found none. Instead, the rule is that the intent to sell can be inferred from all the evidence relevant to the defendant's intent and reasonable inferences drawn therefrom. (*People v. Meza*, *supra*, 38 Cal.App.4th at pp. 1745-1746.)

Here, and as the officers testified, other facts demonstrated defendant's intent besides the quantity of drugs in his possession. Indeed, defendant possessed other drugs

in addition to the challenged drugs and all were packaged for sale. The quantity of heroin defendant possessed during the September 2021 search was packaged in a common unit for street sale. Further, the circumstances of defendant's searches are indicative of sales. In December 2020, defendant arrived at a house known for drug use carrying digital scales, a large amount of cash, and drugs packaged for sale. In September 2021, defendant was searched after he got into the back seat of an occupied car that parked in front of a house known for drug sales. This is sufficient evidence supporting the jury's finding defendant had the intent to sell the methamphetamine in December 2020 and the heroin in September 2021.

C

*The Record Lacks Sufficient Evidence Demonstrating Defendant Possessed A Large Quantity Of Drugs During The December 2020 And September 2021 Searches*

Defendant contends insufficient evidence supports the jury's true findings he possessed a large quantity of methamphetamine during the December 2020 search (counts 22 & 23), as well as a large quantity of heroin during the September 2021 search (count 44). The People argue defendant forfeited this claim by failing to object at sentencing and, in any event, the record contains sufficient evidence to support the jury's findings that defendant possessed a large quantity of methamphetamine in December 2020 and heroin in September 2021. We conclude defendant did not forfeit his claims and the aggravating circumstances lack sufficient support.

As to forfeiture, an objection is generally required to challenge on appeal a trial court's reliance on an improper factor in imposing a sentence. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) However, "[s]ufficiency of the evidence has always been viewed as a question necessarily and inherently raised in every contested trial of any issue of fact, and requiring no further steps by the aggrieved party to be preserved for appeal." (*In re K.F.* (2009) 173 Cal.App.4th 655, 660.) "Parties may generally challenge the sufficiency of the evidence to support a judgment for the first time on appeal because

they 'necessarily objected' to the sufficiency of the evidence by 'contesting [it] at trial.' " (*People v. McCullough* (2013) 56 Cal.4th 589, 596.) Thus, defendant's challenge is preserved.

As to the merits, California Rules of Court, rule 4.421(a)(10) provides a circumstance in aggravation occurs when "[t]he crime involved a large quantity of contraband." Here, Detective Ridenour testified a single dose for an average drug user of heroin or methamphetamine is 0.1 grams every seven hours. While the People characterize defendant's possession as large because it constituted 37 doses of methamphetamine and 17 doses of heroin, both Detective Ridenour and Deputy Miyasato characterized defendant's possession of these quantities of contraband as well within the common quantity possessed for an individual's consumption. Indeed, defendant's possession of the heroin was in a common unit for individual street sale. Given the experts' testimony, the People's argument that 17 and 37 doses of drugs constitute a large quantity amounts to speculation. Because nothing in the record contextualized the amount of methamphetamine defendant possessed in December 2020 (counts 22 & 23) or the amount of heroin he possessed in September 2021 (count 44) as a large quantity of drugs, insufficient evidence supports the aggravating circumstances attached to those counts. Thus, they must be stricken and defendant's upper term sentence on count 23 must be vacated.

Typically, "when part of a sentence is stricken on review, . . . 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) However, "[t]he record in this case demonstrates with unusual clarity that remand would be an idle act." (*People v. Flores* (2020) 9 Cal.5th 371, 432.) As an initial matter, we note counts 22 and 44 were imposed consecutively as one-third the middle term sentences, and thus the jury's true findings had no effect on those punishments. As to count 23, before sentencing defendant, the trial court said it found true three aggravating

10

circumstances for each drug count, justifying its decision to impose the middle term for those counts and the upper term for the counts that had an additional jury finding in aggravation. This makes clear the trial court's intent to impose at least the middle term for the possession of methamphetamine for sale conviction (count 23). Accordingly, we modify the judgment to impose the middle term of two years (doubled to four years for defendant's strike conviction) for count 23.

II

*Defendant's Remaining Contentions Are Moot*

The parties wish to modify the judgment by awarding defendant four additional days of credit. After the opening brief was filed, however, the trial court corrected its error and awarded defendant the 2,504 credits both parties contend he is due. Defendant's credit issue is thus moot.

The parties further agree the abstract of judgment contains multiple clerical errors. Each one of the parties' contentions has been addressed by the amended abstract of judgment filed after the opening brief was filed. Defendant's clerical error issue is thus moot.

## DISPOSITION

The judgment is modified to strike the upper term sentence for count 23 and impose the middle term of 2 years doubled to four years for that count. The judgment is affirmed as modified. The trial court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

/s/
ROBIE, Acting P. J.

We concur:

/s/
MAURO, J.

/s/
WISEMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.