[Crim. No. 3039.  First Dist., Div. Two.  Nov. 15, 1954.]

THE PEOPLE, Respondent, v. GARFIELD SMITH,
Appellant.

George Nye, Public Defender (Alameda County), and
Rudolph H. Michaels, Assistant Public Defender, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

KAUFMAN, J.—This is an appeal from an order denying
defendant's motion for a new trial.  An information filed
March 9, 1954, by the district attorney of Alameda County,
charged Garfield Smith, appellant herein, Vernal Owens and
Lawson Thomas Venson with burglary in that on December

11, 1953, they entered the jewelry store of Clement L. Palmer in Oakland, California, with the intent to commit theft therein.

After jury trial, appellant was found guilty and the jury fixed the degree of the offense as second degree burglary. Motion for new trial was denied and appellant was sentenced to the Alameda County jail for six months. Execution of judgment and sentence was suspended for a period of two years, and appellant was placed on probation on condition that he serve three months in the county jail and make restitution of the stolen property as directed by the probation officer.

On December 11, 1953, some time between 1 and 7 o'clock in the morning, a brick was thrown through the window of Palmer's Jewelry Store in Oakland. Four watches and eight to twelve rings were found to be missing by Palmer when he arrived at 7 that morning. There were no witnesses to the breaking and entering of the shop.

On December 12, 1953, between 9 p. m. and 11:30 or 12 p. m., appellant, Owens and Venson played pool at Joe James Pool Hall in Merced, California, a distance of approximately 130 miles southeast of Oakland. At about 11:30 p. m. Owens left the pool hall and returned with a brown paper bag. He emptied the contents—some watches and rings—on a pool table. There were then about five or six persons in the pool hall. Venson asked the witness Sullivan if he wanted to buy some, and told him to go up and look at the jewelry. Owens offered to sell Sullivan a watch for $5.00 and a ring for $2.50.

While Owens was displaying the jewelry, defendant was doing a dance to the accompaniment of the juke box next to the table where Owens was displaying the jewelry. The witness Sullivan testified that he and perhaps two other men were looking at the jewelry and also watching Smith dance, that he was "doing a jig dance, getting quite a kick out of it."

During the evening Smith and Venson had played pool together and also had been sitting together at the bar. Appellant, Venson and Owens all left the pool hall together. Owens was carrying the paper bag. Sullivan followed the men out, saw them enter a Ford car, and reported the incident to the police. The three men were apprehended by Sergeant Guard of the Merced Police Department at about 1 a. m., December 12, 1953. The car was being driven by Venson who exhibited the pink slip as proof of ownership. Guard asked Venson if they had been attempting to sell jewelry. Venson denied knowledge of any such attempt. Owens was also ques-

tioned and likewise made a denial. The three men were taken to the police station, where another officer was directed to search the car. Above the right rear door he found a 10-inch tear in the cloth top, and inside the top of the car he found the brown paper bag containing the jewelry. Sergeant Guard questioned each defendant separately as to whether or not they had seen this jewelry before. Each denied ever having seen it before.

The rings and watches contained in the brown paper bag were identified by Palmer as those taken from the window of his store.

Appellant contends that as to him the evidence in the present case is insufficient as a matter of law to support a verdict of guilty, and that it was error to refuse his motion for a new trial. He contends that the evidence is weaker in the present case than that in similar cases in this state where the appellate courts have held the evidence insufficient to sustain a conviction.

Reviewing the evidence in the light most favorable to the prosecution, appellant says that it shows appellant to have been in the company of Owens and Venson some 16 hours after the burglary was committed at a place 125 miles distant; that he knew them well enough to shoot pool with them, sit at the bar with Venson, and drive away with them. It is contended that there is no evidence that appellant tried to sell or display the jewelry or took any active part in the efforts of Venson and Owens to do so, that evidence of possession of the stolen goods is entirely lacking as to this appellant.

Respondent contends that joint possession of the loot is clearly established by the fact that the three men were together during the evening, and that appellant's dance in the pool hall was obviously an attempt to attract the attention of potential customers in the manner of a carnival barker. The testimony was that there were five or six people in the pool hall at that time, if there were that many. Having concluded that joint possession is thus established, respondent says that the false statement of appellant that he did not see the jewelry was sufficient to allow the case to go to the jury. There is no testimony that appellant ever looked in the direction of the table where the jewelry was being displayed.

It is well established that mere possession of stolen property is not sufficient to connect a defendant with a burglary, but such possession is a circumstance to be considered along with other evidence which tends to show guilt,

such as flight from arrest, false statements showing consciousness of guilt, or failure to account for the possession on a theory inconsistent with guilt. (*People* v. *Russell*, 34 Cal. App.2d 665 [94 P.2d 400]; *People* v. *Taylor*, 4 Cal.App.2d 214 [40 P.2d 870]; *People* v. *Russell*, 120 Cal.App. 622 [8 P.2d 209].) In the first of the cases cited, defendant was apprehended on the evening after the burglary about three blocks from the building burglarized, and the stolen goods were found in a car occupied by him and into which he was siphoning gasoline. The car also proved to be stolen. He told several conflicting stories to account for possession of the goods. In *People* v. *Taylor*, some of the stolen goods were found in defendant's car, and in the last case cited, the stolen radio was found in defendant's room at his mother's home.

Unless there is evidence in the record sufficient to establish possession of the stolen property in appellant, a prima facie case sufficient to go to the jury has not been made out. There is evidence that appellant was associating with the other two defendants on the evening after the burglary was committed. The bag containing the jewelry was carried by Owens, and displayed by him and Venson. The car in which it was concealed was owned by Venson. The evidence of possession as to those two defendants is clearly sufficient.

The association of appellant with the other two defendants is a very suspicious circumstance, but it is not evidence that he possessed the stolen goods. The fact that he was dancing near the table where Owens and Venson were attempting to sell the jewelry, and was, according to the witness, "getting quite a kick" out of dancing is not evidence that he had any dominion or control over the jewelry.

Appellant cites *People* v. *Draper*, 69 Cal.App.2d 781 [160 P.2d 80], in which a conviction of burglary was reversed for insufficiency of the evidence. In that case defendant had been riding in an automobile with his codefendants prior to the time of the crime; he had the opportunity to participate in the crime; he was found after the burglary near the scene of the crime; he fled when approached by officers and was not a truthful witness. The opinion therein stated that "evidence that merely raises a suspicion, no matter how strong, of the guilt of a person charged with a crime is not sufficient to sustain a verdict and judgment against him."

Since there appears to be insufficient evidence of possession of stolen goods on the part of appellant herein, the rule of "recent possession plus false statements" does not apply.

While it is true that we must assume in favor of the verdict the existence of every fact which the jury could reasonably have deduced from the evidence (*People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]), there appears to be no evidence herein from which the jury could reasonably have found possession of the stolen jewelry by appellant. ■ For the purpose of this appeal it is immaterial whether or not appellant testified in his own behalf, as a defendant has the right to remain mute and rely on the legal insufficiency of the evidence produced by the prosecution. (*People* v. *Casillas,* 60 Cal.App.2d 785 [141 P.2d 768].)

It is our view that the lower court erred in refusing to grant appellant's motion for a new trial and accordingly the order denying the motion for a new trial must be and is hereby reversed.

Nourse, P. J., and Dooling, J., concurred.