[Crim. No. 4326.   First Dist., Div. Two.   Oct. 15, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD LEE HUNT, Defendant and Appellant.

Ian D. McPhail, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attorneys General, for Plaintiff and Respondent.

AGEE, J.—Defendant was convicted by the court, sitting without a jury, of a violation of section 12021 of the Penal Code (possession of revolver by ex-convict) and of a violation of section 11500 of the Health and Safety Code (possession of heroin). He admitted prior felony convictions of robbery and of possession of narcotics, as charged.

Appellant raises only one point on appeal, the sufficiency of the evidence to support the gun possession conviction. He does not question the validity of the narcotics conviction.

Section 12021 is violated when one ''who has been convicted of a felony ... has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person. . . .''

Respondent's theory is that the gun was in the joint possession of appellant and one Ramus. Appellant states his contention as follows: ''While it is true that more than one person may have joint possession of the same article, there is no substantial evidence to support joint possession.''

*The evidence.* Appellant was driving his Jaguar sports car at night, along a public street in Santa Cruz. Ramus was seated alongside. Police stopped the car under circumstances not necessary to detail herein.

The seats were of the ''bucket'' type. A .22-caliber revolver was lying on the floor in front of the seat occupied by Ramus.

Ramus was also an ex-convict. He was charged in a separate action with possession of the same gun and he pleaded guilty.

The evidence supporting appellant's conviction is that the gun was in a car owned and being driven by him; that the gun was within his immediate reach and was readily accessible to him; that appellant had in his pocket five .22-caliber cartridges which were usable in the gun; that when

Lieutenant Overton of the Santa Cruz Police Department asked appellant why he was carrying these bullets in his pocket, he made no response but just "shrugged his shoulders"; that when appellant testified in his own defense, his counsel limited the direct examination to whether he had disobeyed any traffic laws just before being stopped by the police;* that appellant left the witness stand without referring to the gun or offering any explanation as to the bullets which he was carrying in his pocket.

The effect of such failure to explain is stated in article I, section 13, of the California Constitution, as follows: "[B]ut in any criminal case, whether the defendant testifies or not, his *failure to explain* or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and *may be considered by the court* or the jury." (Italics ours.) (See also, Pen. Code, §§ 1323, 1127.)

In *People* v. *Adamson*, 27 Cal.2d 478, 489 [165 P.2d 3], the Supreme Court said: "Therefore the failure of the defendant to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable."

We have in mind the limitation on the application of the rule, i.e., "when it is in his power to do so." But whether appellant did or did not know of the presence of the gun in his car was within his own knowledge. If he did not, he could have so testified. If he did know of its presence, he could have given his explanation of how it happened to be there.

An even stronger reason for the application of the rule is presented by the bullets found in appellant's pocket.

We also are of the opinion that the conduct of appellant when questioned by the police about these bullets is a circumstance which may be considered as an indication of a consciousness of guilt. (18 Cal.Jur.2d, Evidence, § 184, p. 646.)

Appellant suggests that respondent should have called Ramus as a witness. No reason is given why appellant himself did not do so. The general rule is that the prosecution is not required to call as witnesses all persons who have knowledge of an offense alleged to have been committed by

*This limited the cross-examination (Pen. Code, § 1323).

the defendant on trial. (*People* v. *Reingold,* 87 Cal.App.2d 382, 408-409 [197 P.2d 175].) We see no reason for any departure from the general rule in this instance.

Although the record is completely silent on the subject, appellant states that, "had defendant handled the weapon, fingerprints would have been evident." We need not quarrel with the accuracy of this statement, although we certainly do not accept it. There were *two* pairs of gloves between the two seats available for use in handling the gun, thus avoiding any fingerprints. Appellant also overlooks the fact that many prints are not readable because of smudging.

Appellant expressly admits that "there is no doubting the fact that it is possible for two or more persons to possess one weapon under Penal Code sec. 12021, . . ." This is equally true of any contraband article. In *People* v. *Toms,* 163 Cal.App.2d 123 [329 P.2d 90], a package of narcotics was found on the ground, at the side of an automobile in which one of the defendants was seated. The other defendant was outside of the car but only a few feet distant. Both were convicted under the theory of joint constructive possession. The court said, at page 128: "Constructive possession of a narcotic constitutes a violation of section 11500 of the Health and Safety Code. [Citation.] Such possession may be individual, through an agent, or joint with another. [Citation.] *Exclusive possession need not be shown* ..." (italics ours).

Finally, appellant contends that there is no evidence that he was aware of the presence of the gun in his car. This may be proved by circumstantial evidence. In *People* v. *Garcia,* 187 Cal.App.2d 93 [9 Cal.Rptr. 493], the gun was found in the defendant's room on a night stand. The court stated, at page 102: "Although appellant denied any knowledge of the gun, and Mrs. Diaz, who lived in the home and was originally a defendant, claimed the gun was hers, the jury was not required to give full credence to this testimony."

Judgement of conviction as to both offenses affirmed.

Shoemaker, P. J., concurred.