[Crim. No. 14829.  Second Dist., Div. Two.  Dec. 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ALGIN WILLIAM CLARK, JR., Defendant and Appellant.

James M. Farley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Plaintiff and Respondent.

NUTTER, J. pro tem.*—After a court trial, appellant was convicted of burglary in second degree. He was sentenced to state's prison; the sentence to run concurrently with another sentence. The appeal is from this judgment. Appellant contends that the evidence was insufficient and the trial court abused its discretion in denying a motion for a new trial.

Before a judgment may be reversed for insufficiency of the evidence, it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the trial court. (*People* v. *Alison,* 189 Cal.App.2d 201, 205 [10 Cal.Rptr. 859].) We must affirm the conviction.

On or about 11 a.m. on June 1, 1967, Michael Walker and his wife left their residence at the Sunset Marquis located at 1200 North Alta Loma, Apartment 305, in West Hollywood. Walker and his wife were the sole residents of the apartment. Walker locked his apartment when he left and Walker gave no one permission to enter the apartment or remove anything from it. When he left his Telefunken portable phonograph had been in place, open and plugged into a socket. Also, he had three sportcoats and five pairs of slacks hanging in his closet. The housemen and maids all had master keys to the rooms in the building including the Walker apartment. Appellant had been employed at the apartment house as a houseman from August of 1966 to May of 1967. He had a passkey which he had not returned following his employment termination. Crouch, the manager of the building, observed appellant at approximately 5:30 p.m. on June 1, 1967, in the subterranean garage of the apartment building standing next to a sheet tied up in a bundle. Crouch asked appellant what the bundle was and appellant stated, "I don't know. I found it." Crouch then asked appellant if he was going to keep the bundle in his car. Appellant answered "yes." Crouch asked

---

*Assigned by the Chairman of the Judicial Council.

appellant why he had not brought the bundle to the office and appellant replied that he was going to bring it later. Crouch saw a phonograph, sportcoats, slacks and a pair of shoes in the bundle. He then asked appellant to come to his office, which was in the same building, and they both proceeded to go there. Crouch asked appellant to wait while he went to call the police. He then went to his office and asked his wife to call the police. When he came back to the outer office appellant was gone. Crouch did not see appellant again that day. The articles found in the bundle were later identified as the articles taken from Walker's apartment. Crouch returned the articles to Walker's apartment before Walker returned. However, he did not plug in the phonograph. Walker testified that, with the exception of this unplugged phonograph, all other articles were in the position they had been when he left the apartment in the morning.

Appellant testified that he went to the apartment building on June 1, 1967, to pick up a friend who was working there and to discuss some business matters with the maid and Mr. Crouch. He parked his car in the garage as he did when he worked there; he first saw the bundle containing Walker's stolen articles near a trash can on the garage floor just before he saw Crouch. Appellant denied telling Crouch that he was going to put the bundle in his car. He testified that he told Crouch that he did not know what was in the bundle; that Crouch never said he was going to call the police and therefore he felt free to leave. He denied going in Walker's apartment on June 1 but admitted he went in the Walker apartment on May 31 with the maid.

The California Supreme Court stated in *People* v. *McFarland,* 58 Cal.2d 748, at p. 754 [26 Cal.Rptr. 473, 376 P.2d 449] : "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (See also *People* v. *Boxer* (1902) 137 Cal. 562, 564 [70 P. 671] ; CALJIC No. 203 (Rev.).) Conflicting or evasive statements are sufficient corroboration, even though slight, to sustain a conviction. (*People* v. *Wells,* 187 Cal.App.2d 324, 329 [9 Cal.Rptr. 384].)

"It is necessary, of course, to show possession by the defendant before the rule can be applied. (See *People* v. *Smith* (1954) 128 C.A.2d 706, 709, 275 P.2d 919. . . .)" (1 Witkin, Cal. Crimes (1963) § 462, p. 425.)

Appellant's statement to Crouch that he was going to put the bundle in his car plus his proximity to the bundle in the garage was sufficient for the trial court to find that appellant had dominion and control over Walker's goods. The trial court could reasonably infer that possession was not honestly obtained and his declarations tending to prove guilt provided valid circumstantial proof of burglary. (*People* v. *Citrino*, 46 Cal.2d 284, 288-289 [294 P.2d 32]; *People* v. *Beverly*, 200 Cal.App.2d 119, 124 [19 Cal.Rptr. 67].)

Appellant argues that the prosecution failed to establish an intent to commit burglary. While it is necessary for the prosecution in a burglary case to show that the defendant entered the premises with the requisite intent, such intent may be inferred from all the facts and circumstances disclosed by the evidence. Where the evidence is sufficient to justify a reasonable inference that such intent existed, the verdict may not be disturbed. (*People* v. *Franklin*, 106 Cal.App.2d 528, 530 [235 P.2d 402]; *People* v. *Nichols*, 196 Cal.App.2d 223, 227 [16 Cal.Rptr. 328].)

Appellant's possession of the key to the apartment is sufficient evidence to provide a reasonable inference as to his method of entry.

This fact plus appellant's familiarity with the burglarized apartment and his admission he had been in the apartment on the day preceding the theft altogether provided sufficient circumstantial evidence to sustain a conviction.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.