[Crim. No. 7295.    First Dist., Div. Three.    Mar. 3, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT DENNIS ZYDUCK, Defendant and Appellant.

Harold L. Hammond, Public Defender, and William C. Connell, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Michael J. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of receiving stolen property (Pen. Code, § 496). He was admitted to probation on condition he serve 60 days in county jail. He appeals. ■■■ The sole issue is the sufficiency of the evidence to support the verdict. We find it insufficient.

One Barrett, a timber faller, owned a chain saw. He used the saw December 14. He saw it in his pickup truck, parked in front of his home in Eureka, on the morning of December 15 "sometime before noon, but specific time I wouldn't know." He gave no one permission to take it. On December 16, shortly after 5 o'clock a.m., police stopped an automobile near Fortuna, some 22 miles from Eureka. The stopped car was owned and driven by one Greaseback. Defendant was a passenger in the front seat. On the rear seat was Barrett's chain saw. Upon this evidence, the prosecution rested. Defendant offered no evidence. Although properly instructed as to the elements of possession, the jury found defendant guilty.

■■■ Knowledge of the stolen character of property may, in some circumstances, be inferred from failure of the possessor to explain his possession (*People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449]). But it is "conscious possession" which permits this inference (Id., p. 755). Possession must be established before the inference of guilty knowledge can be drawn (*People* v. *Smith,* 128 Cal.App.2d 706, 709 [275 P.2d 919]).

■■■ The People argue that defendant's mere presence in a car owned and driven by another, in which the stolen property is readily visible, is enough to show possession. We cannot agree.

Presence in the passenger seat is not enough to show

possession of a stolen automobile (*People* v. *Champion*, 265 Cal.App.2d 29, 32 [71 Cal.Rptr. 113]; *People* v. *Clark*, 251 Cal.App.2d 868, 874 [60 Cal.Rptr. 58]). Opportunity of access to a place where contraband is stored is not enough, by itself, to establish possession (*People* v. *Jolley*, 35 Cal.App.2d 159 [94 P.2d 1011]). ▉ Dominion and control are essentials of possession, and they cannot be inferred from mere presence or access. Something more must be shown to support inferring of these elements. Of course, the necessary additional circumstances may, in some fact contexts, be rather slight. (See discussion in *People* v. *Redrick*, 55 Cal.2d 282, 285-288 [10 Cal. Rptr. 823, 359 P.2d 255]; see also *People* v. *Estrada*, 234 Cal.App.2d 136, 154-156 [44 Cal.Rptr. 165, 11 A.L.R.3d 1307]; *People* v. *Clark*, 268 Cal.App.2d 293, 296 [73 Cal. Rptr. 871]). It is clear, however, that some additional fact is essential. We find none here.

The authorities cited by respondent (*People* v. *Nieto*, 247 Cal.App.2d 364 [55 Cal.Rptr. 546]; *People* v. *Hunt*, 221 Cal. App.2d 224 [34 Cal.Rptr. 421]) do not aid it. In each case, the car in which the prohibited pistols were found was both owned and driven by the appellant, although a passenger was present in each case. The concealable weapons were on the floor near the front seat readily accessible to the driver. In *Nieto*, appellant knowingly gave police a false name for his convict passenger. Neither case is authority for holding a non-owner passenger to be in possession of a heavy object not readily concealable or movable, merely because it is carried in the car of which he is an occupant.

▉ In an area where logging is a major industry, the mere presence of a chain saw in an automobile can hardly indicate to a mere guest or hitchhiker that it is stolen. The car was stopped at least 17 hours after the theft of the saw, and only 22 miles from the point of theft, thus giving no reason to infer current flight to make good a theft. There is no evidence of any furtive act, attempt to flee, false explanation, or implicating statement by defendant.

Judgment reversed.

Brown (H. C.), J., and David, J. pro tem.,\* concurred.

On April 1, 1969, the opinion was modified to read as printed above.

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.