Filed 12/23/15  P. v. Lewin CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B263102 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA082404) |
| v. | |
| ANGELA LYNN LEWIN, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Daniel B. Feldstern, Judge.  Affirmed as modified.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

A jury convicted defendant and appellant Angela Lewin of one count of possession of a firearm by a felon and one count of possession of ammunition by a felon. Defendant raises two issues on appeal: (1) the record lacks substantial evidence supporting the element of possession on either count; and (2) the two 1-year enhancements imposed pursuant to Penal Code section 667.5 must be vacated as the underlying convictions have been reduced to misdemeanors.

We conclude defendant's convictions are supported by substantial evidence and are properly affirmed, but agree she is entitled to a sentence modification.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2014, Deputy Robert Erena of the Los Angeles County Sheriff's Department was assigned to the parole compliance team. Defendant was one of the parolees he monitored.

At approximately 6:30 a.m. on October 30, Deputy Erena, along with five other deputies and a sergeant, went to defendant's home to conduct a search. An arrest warrant had been issued for defendant as she had violated parole and was deemed a parolee at large. The deputies were aware there might be firearms in the home.

When they arrived at the home on Colette Avenue in Van Nuys (the address defendant listed with her parole officer as her residence), the deputies knocked and announced their arrival. Defendant and her boyfriend answered the door together. Defendant, who was cooperative, was arrested and placed in a patrol car. Her boyfriend, who was not a parolee, was detained on the front porch. The deputies conducted a search of defendant's home.

During the search of defendant's home, the deputies discovered a locked safe in the hallway closet containing ammunition and multiple firearms, including several illegal semi-automatic rifles. The deputies also found a locked safe in defendant's bedroom that contained a loaded 45-caliber handgun. The closet safe was locked with a padlock. The key to the lock was on a keychain defendant's boyfriend had in his pocket, which the deputies located during a patdown search. The safe in the bedroom was bolted to the bed and was opened with a set of keys found lying on the bedroom dresser. The bedroom

2

safe was also accessible by a number code. The bedroom contained male and female personal items, including clothing, a woman's jewelry box with jewelry, and several photographs of defendant and her boyfriend. No other people were found in the home, nor did it appear anyone else lived there.

Detective Robert Llorens, who also participated in the search, asked defendant if she was aware of any weapons in the house and she said there was a hallway safe and a bedroom safe that contained guns, and a key to at least one of the safes in the garage. Defendant also admitted that the bedroom with the safe attached to the bed was her bedroom that she shared with her boyfriend.

Defendant was charged by information with one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)), and one count of possession of ammunition by a felon (§ 30305, subd. (a)(1)). It was also alleged she suffered three prior prison terms within the meaning of section 667.5, subdivision (b).[1]

The case proceeded to a jury trial in March 2015. Deputy Erena and Detective Llorens testified to the above facts. Lisa Tagg, an officer with the Los Angeles Police Department, testified that she was assigned to the parole compliance unit in her division. Before the October 30, 2013 arrest of defendant, Officer Tagg reported to defendant's home on Collette Avenue on October 8 to perform a parole compliance check with several other officers. During the search of defendant's home on that occasion, Officer Tagg recovered defendant's cell phone and saw a text between defendant and another female. Defendant said in the text that she had placed "all the pills inside a gun vault" so she would "not be violated" on a parole check. Defendant's text also stated that she intended to have her boyfriend hang onto the key for the gun vault to avoid incurring any parole violations.

The jury found defendant guilty on both counts. Defendant admitted her three prison term priors. Defendant was sentenced to state prison for four years, calculated as

---

[1] Defendant's boyfriend was charged as a codefendant, but obtained a dismissal pretrial. He is not a party to this appeal.

3

follows: a two-year midterm on count 1 (possession of a firearm), plus one year each for two of the prison term priors. The court struck the third prior in the interests of justice and stayed a two-year term on count 2 (possession of ammunition) pursuant to Penal Code section 654.

This appeal followed. Defendant requested this court take judicial notice of the trial court orders issued in the Los Angeles Superior Court cases in which her three prior convictions were each reduced to a misdemeanor pursuant to Proposition 47: (1) the February 23, 2015 order in case No. PA054243, (2) the May 5, 2015 order in case No. LA060087, and (3) the January 20, 2015 order in case No. PA070145. Respondent did not file any opposition to defendant's request. We grant defendant's request for judicial notice of the three orders. (Evid. Code, § 452, subd. (d).)

## DISCUSSION

### 1.     Substantial Evidence Supports Defendant's Convictions.

Defendant argues the record lacks substantial evidence she possessed either the firearms or the ammunition found inside the locked safes in her home. She contends that, at most, there was evidence she merely had access to them, but not actual or constructive possession. We are not persuaded.

" 'To determine whether sufficient evidence supports a jury verdict, a reviewing court reviews the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable jury could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Johnson* (2015) 60 Cal.4th 966, 988.)

"Possession may be physical or constructive, and more than one person may possess the same contraband. (*People v. Williams* (2009) 170 Cal.App.4th 587, 625 [defendant found to possess drugs and weapons found in room used by defendant, in house owned by someone else].) Possession may be imputed when the contraband is found in a place which is immediately accessible to the joint dominion and control of the accused and another." (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.)

4

Defendant argues the evidence showed nothing more than that she lived in a home where two locked safes containing firearms were maintained, and that such evidence is insufficient to show constructive possession. It is true that "[d]ominion and control are essentials of possession, and they cannot be inferred from mere presence or access. Something more must be shown to support inferring of these elements." (*People v. Zyduck* (1969) 270 Cal.App.2d 334, 336.) However, it is equally true that "*the necessary additional circumstances may, in some fact contexts, be rather slight.*" (*Ibid.*, italics added, citing *People v. Redrick* (1961) 55 Cal.2d 282, 285-286.)

Here, the evidence demonstrated there was additional evidence beyond joint access to the safes. Defendant resided in the home. One of the safes was located in the bedroom she shared with her boyfriend, and the keys to that safe were found lying on the top of the dresser. The other safe was located in the hallway outside the bedroom. Defendant acknowledged she knew there were guns in both safes. Defendant had admitted to a friend she was hiding pills in the "gun vault" and was having her boyfriend keep the key so she could avoid incurring any parole violations during parole compliance checks. The reasonable inference is that she had joint control of the safes in the home she shared with her boyfriend, and was consciously seeking to avoid that fact being discovered during a parole check because she knew such conduct was unlawful. Such evidence was a sufficient basis for the jury to find constructive possession by defendant. (*People v. Redrick*, *supra*, 55 Cal.2d at pp. 287-288 [nonexclusive access or possession may be "strengthened by a showing of consciousness of guilt"].)

2.      **The Sentence Enhancements for the Two Prison Term Priors Must Be Vacated and Stricken.**

Defendant contends her sentence must be modified because the two prior convictions on which the court imposed sentence enhancements pursuant to Penal Code section 667.5 have been reduced to misdemeanors, and therefore no longer support imposition of the one-year enhancements. We agree.

A one-year sentence enhancement pursuant to Penal Code section 667.5, subdivision (b) applies only to prior *felony* convictions. (*People v. Tenner* (1993) 6

5

Cal.4th 559, 563 (*Tenner*).) At the time of her sentencing, defendant had suffered three prior felony convictions: a violation of section 666 (case No. PA054243), a violation of section 666 (case No. LA060087), and a violation of section 484e, subdivision (d) (case No. PA070145). The court struck the prior conviction in case No. PA054243 in the interests of justice and imposed a one-year sentence enhancement as to each of the other two felony convictions.

Defendant filed petitions in the trial court pursuant to Penal Code section 1170.18 to have her prior convictions reduced to misdemeanors. Section 1170.18 was enacted pursuant to the Safe Neighborhoods and Schools Act, adopted by the voters in November 2014 as Proposition 47 (Proposition 47). Proposition 47 reclassified certain drug and theft-related offenses that were felonies or "wobblers" as misdemeanors, unless committed by ineligible defendants. Subdivision (f) of section 1170.18 provides that a person who has completed a prison term on a felony conviction that would have been a misdemeanor under the Act had it been in effect at the time of the conviction, may file an application to have the prior judgment of conviction reclassified as a misdemeanor.

Defendant's petitions pursuant to Penal Code section 1170.18, subdivision (f) were granted resulting in all three of the prior convictions being reduced to misdemeanors. As noted above, we have taken judicial notice of those orders.

Subdivision (k) of Penal Code section 1170.18 provides, in relevant part, that "[a]ny felony conviction that is . . . designated as a misdemeanor under subdivision (g) *shall be considered a misdemeanor for all purposes*." (Italics added.) Defendant contends section 1170.18, subdivision (k) applies retroactively.

Respondent disagrees, citing *People v. Perez* (2015) 239 Cal.App.4th 24 and *People v. Rivera* (2015) 233 Cal.App.4th 1085. *Perez* was depublished November 18, 2015, by the Supreme Court's grant of review. *Rivera* is not on point as the court there was looking at the issue of appellate jurisdiction and whether the Court of Appeal was divested of jurisdiction because of the reduction of a felony conviction to a misdemeanor, and not whether a prior conviction reclassified as a misdemeanor can support imposition of a sentence enhancement under Penal Code section 667.5.

6

Respondent also relies on *People v. Diaz* (2015) 238 Cal.App.4th 1323, *People v. Delapena* (2015) 238 Cal.App.4th 1414, *People v. DeHoyos* (2015) 238 Cal.App.4th 363, and *People v. Shabazz* (2015) 237 Cal.App.4th 303. However, *DeHoyos* was depublished by a grant of review on September 30, 2015, and *Delapena* was depublished by a grant of review on October 28, 2015. *Diaz* and *Shabazz* are factually inapposite because neither of the defendants in those cases had petitioned and obtained a trial court order reducing their prior convictions to misdemeanors in accordance with Penal Code section 1170.18.

In contrast, defendant has complied with the statutory scheme and her prior convictions have been reduced to misdemeanors for all purposes. As misdemeanor convictions, they do not support imposition of a sentence enhancement pursuant to Penal Code section 667.5. (*Tenner*, *supra*, 6 Cal.4th at p. 563.) As the Supreme Court has explained: "When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date. [Citation.] We based this conclusion on the premise that ' "[a] *legislative mitigation of the penalty for a particular crime* represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law." ' [Citation.]" (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted.) "[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed." (*People v. Vieira* (2005) 35 Cal.4th 264, 306.)

Proposition 47 mitigated the penalty for the offenses of which defendant was convicted in case No. PA070145[2] and case No. LA060087 before defendant's judgment

---

[2]     Despite respondent's argument to the contrary, we believe Proposition 47 does apply to a prior felony conviction under Penal Code section 484e, subdivision (d). We are aware of other cases holding that a violation of section 484e, subdivision (d) does not

of conviction in this case became final.  We therefore conclude that the two prior convictions in those cases should be treated as misdemeanors for purposes of her sentencing in this case and may not be used to impose greater punishment on defendant in the form of a sentence enhancement under Penal Code section 667.5, subdivision (b).

## DISPOSITION

The judgment of conviction is modified as follows:  The one-year term imposed pursuant to Penal Code section 667.5 for the prior conviction in case No. PA070145 is vacated and stricken.  The one-year term imposed pursuant to Penal Code section 667.5 for the prior conviction in case No. LA060087 is vacated and stricken.  The superior court is directed to prepare and transmit forthwith a modified abstract of judgment to the Department of Corrections and Rehabilitation.

We affirm the judgment of conviction in all other respects.


                                                            GRIMES, J.

WE CONCUR:

            RUBIN, Acting P. J.



            FLIER, J.

---

fall within the purview of Proposition 47, but we believe *People v. Romanowski* (2015) 242 Cal.App.4th 151, opinion modified 2015 Cal.App.Lexis 1081, states the better view.