Filed 7/20/16  P. v. Carter CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JERMAINE PAUL CARTER,<br><br>  Defendant and Appellant. | 2d Crim. No. B266923<br>(Super. Ct. No. TA047948)<br>(Los Angeles County) |

Jermaine Paul Carter appeals from an order denying his Penal Code section 1170.126 petition for resentencing under Proposition 36.[1]  In 1998 appellant was convicted by a jury of possession of a firearm by a felon (hereafter "the current offense").  (Former § 12021, subd. (a)(1) repealed and reenacted as section 29800, subd. (a)(1), Stats. 2010 ch. 711, § 6.)  Because appellant had two prior serious or violent felony convictions within the meaning of California's "Three Strikes" law, he was sentenced to prison for 25 years to life.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

Appellant sought resentencing under Proposition 36 because the current offense is neither a violent nor serious felony.  (§§ 667.5, subd. (c), 1192.7, subd. (c).)  The trial court concluded that defendant was ineligible for resentencing because he had been armed with a firearm during the commission of the current offense.  We affirm.

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

*Facts*

Appellant appealed from his 1998 conviction of the current offense. In an unpublished opinion, we affirmed the judgment. (*People v. Carter* (Apr. 4, 2000, B127887).) In determining whether appellant was armed with a firearm during the commission of the current offense, the trial court could lawfully consider the entire record of conviction, including our opinion affirming the judgment. (*People v. Hicks* (2015) 231 Cal.App.4th 275, 285-286; *People v. Osuna* (2014) 225 Cal.App 4th 1020, 1030.) Our opinion summarized the facts as follows:

"Los Angeles County Sheriff's Deputies Richard Westin and Susan Gomez were patrolling the East Compton area one evening. They heard loud music coming from the trunk of a parked Cadillac surrounded by a group of people. They decided to stop and warn the group about the noise level.

"As the deputies approached in their patrol car, they noticed appellant standing near the open trunk of the Cadillac. He closed the trunk, walked to the open front passenger window, and leaned inside. The deputies saw him pull a gun from his waistband and place it inside as he simultaneously turned down the volume of the music. Appellant then walked back to the rear of the Cadillac.

"The deputies detained the individuals near the Cadillac. These included appellant's brother, his fiancé and a mechanic who was working on the car. Deputy Gomez patted down the men for weapons and did not find any. She asked if any of them were on parole and appellant said he was. Deputy Westin then searched the Cadillac and recovered a loaded nine-millimeter, semi-automatic pistol from the passenger side floorboard. Appellant was handcuffed and placed under arrest.

"After he had been advised of his *Miranda* rights, appellant stated that he had the gun for protection because he was a Blood in a Crips neighborhood. [Footnote omitted.] Both deputies were familiar with the area where appellant was arrested and knew that it was controlled by the Crips street gang. Neither officer knew appellant or had any contacts with him before his arrest.

2

"The defense theory of the case was that Deputy Westin had planted the gun after discovering appellant was on parole. Appellant testified that he did not have a gun that night, had not placed a gun in the car, and had never admitted possession of a weapon to the deputies. Appellant's brother and the mechanic who was working on the Cadillac testified that they did not see appellant walk to the front passenger window after the patrol car approached them. The defense also presented evidence that Deputy Westin had been accused during the previous year of falsely arresting a suspect for possessing a weapon."

The record on appeal includes testimony from the jury trial. Appellant and his brother, Juan Carter, testified that appellant owned the Cadillac and had driven it to East Compton. Juan was the sole passenger in the vehicle. Deputy Westin testified that the firearm was on the front floorboard of the Cadillac "just in front of the passenger's . . . seat cushion." It was "partially concealed under the seat, but with the butt portion still sticking out."

*Proposition 36*

" ' On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 [hereafter "the Act"], which amended . . . sections 667 and 1170.12 and added . . . section 1170.126 . . . . Under the original version of the three strikes law a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction . . . proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)' [Citation.]" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048, fn. omitted.)

*Armed-with-a-Firearm Exclusion from the Act*

A prisoner is disqualified from postconviction relief under the Act if he was armed with a firearm during the commission of the offense for which he received a third-strike sentence. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) "[T]he electorate intended 'armed with a firearm,' as that phrase is used in the Act, to mean having a firearm available for offensive or defensive use." (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1029.) "The California Supreme Court has explained that ' "[i]t is the availability - the ready access - of the weapon that constitutes arming." ' [Citation.]" (*People v. White* (2014) 223 Cal.App.4th 512, 524.)

"Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm, . . . such an act is not an essential element of a violation of section 12021(a) because a conviction of this offense also may be based on a defendant's *constructive* possession of a firearm. [Citations.] 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' [Citation.] [¶] Thus, while the act of being armed with a firearm - that is, having ready access to a firearm [citation] - necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it. For example, a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it." (*People v. White*, *supra*, 223 Cal.App.4th at p. 524.)

Appellant claims that, to be disqualified from relief under the Act, his conviction of the current offense must have been based on conduct that constituted being armed with a firearm. "[A]s the evidence was conflicting as to whether [he] actually had the gun on his person and put it in the car, as opposed to only having constructive possession of it because it was in his car, . . . the record of conviction does not indicate that the 'conviction' was based upon conduct th[at] constituted arming." "Only those facts that must have been found by the trier of fact in order to support the conviction . . .

4

can be assumed." "[T]he record of conviction is not 'evidence' from which the court can make new findings of unadjudicated facts."

We disagree. The issue before the trial court was not, as appellant alleges, whether his conviction "was based upon conduct th[at] constituted arming." The issue was whether facts in the record of conviction show that he was armed. "[W]here . . . the record [of conviction] establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act." (*People v. White*, *supra*, 223 Cal.App.4th at p. 519.)

That the evidence was conflicting is of no consequence. "Conflicting evidence . . . does not cast doubt on the trial court's factual findings because we review factual findings for substantial evidence. [Citation.] Here, there was substantial evidence that [appellant] was armed [with a firearm] . . . ." (*People v. Hicks*, *supra*, 231 Cal.App.4th 275, 286.)

Even if the Act had required appellant's conviction to be based on conduct that constituted being armed with a firearm, the requirement would have been met. The jury indisputably found that appellant, the driver of the Cadillac, had possessed the firearm found on the front-passenger-side floorboard. Pursuant to the People's evidence, appellant had ready access to the firearm because it was in his waistband before he placed it inside the Cadillac. Pursuant to the defense evidence, appellant also had ready access to the firearm while he was driving the Cadillac to East Compton because it was within his immediate reach. This is not the case where "a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit . . . ." (*People v. White*, *supra*, 223 Cal.App.4th at p. 524.) [2]

---

[2] On June 8, 2016, appellant filed a request to judicially notice the appellate record pertaining to our 2000 unpublished opinion, *People v. Carter*, *supra*, B127887. The purpose of the request is to show that the jury was instructed on constructive possession. We deny the request because, as explained above, whether the jury was so instructed is irrelevant to the issues in the instant appeal.

The "immediate reach" theory is supported by *People v. Hunt* (1963) 221 Cal.App.2d 224.) There, the defendant was convicted of possession of a firearm by a felon. After stopping the vehicle that the defendant had been driving, the police saw the firearm "on the floor in front of the [front] seat occupied" by defendant's passenger. In concluding that the evidence was sufficient to support the defendant's conviction, the court noted "that the gun was in a car owned and being driven by him" and "that the gun was within his immediate reach and was *readily accessible* to him . . . ." (*Id.*, at p. 225, italics added.)

Appellant argues "that the language [of the Act] shows that the arming was meant to be attached to another offense and not be the mere commission of the [current] offense itself, and that the arming must have a facilitative nexus to the [current] offense . . . ." We agree with decisions that have rejected the identical argument. (See *People v. Hicks*, *supra*, 231 Cal.App.4th at p. 284 ["there must be a temporal nexus between the arming and the underlying felony, not a facilitative one"]; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797 [court rejected defendant's claim that firearm "possessory offenses can never fall under the armed with a firearm exclusion, because one cannot use, or be armed with a firearm 'during the commission' of such offenses without another separate or tethering offense"]; *People v. Osuna*, *supra*, 225 Cal.App.4th at pp. 1030-1032.)

*Standard of Proof*

Finally, appellant asserts that the trial court applied the wrong standard of proof. When the trial court made its ruling, it was bound by the following holding in *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1040: "Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence. [Citations.]" The trial court did not indicate the standard of proof it was applying. But a "trial court is presumed to know and follow the law. [Citation.]" (*People v. Castaneda* (1975) 52 Cal.App.3d 334, 342.) Thus, we presume that the trial court followed the *Osuna* holding and applied the preponderance of the evidence standard. (*Auto Equity*

6

*Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction"].)

Based on the recent case of *People v. Arevalo* (2016) 244 Cal.App.4th 836, appellant argues that the trial court should have applied the beyond a reasonable doubt standard. In *Arevalo* the current offenses were grand theft auto and driving a vehicle without the owner's consent. "The trial judge . . . acquitted Arevalo of the charge of possession of a firearm by a felon and found the 'armed with a firearm' allegation to be not true. [¶] Arevalo subsequently petitioned for a reduction of his sentence pursuant to Proposition 36, arguing that in light of his acquittal and the not-true enhancement finding, he was eligible for resentencing because he had not committed the disqualifying conduct of being armed with a weapon during the commission of his 'current offense.' [Citations.]" (*Id*., at p. 841, fn. omitted.) "Reaching its findings under a preponderance of the evidence standard, the resentencing court concluded that Arevalo had been armed with a weapon during the commission of his offenses. Accordingly, it held that Arevalo was ineligible for resentencing under section 1170.126." (*Id*., at pp. 841-842.)

The Arevalo court observed that *Osuna* had held that the preponderance of the evidence standard applies "to resentencing eligibility determinations under Proposition 36." (*People v. Arevalo*, *supra*, 244 Cal.App.4th at p. 848.) But "*Osuna* itself acknowledged that using a preponderance of the evidence standard to determine . . . eligibility might 'allow a trial court to find arming, so as to disqualify an inmate from resentencing under the Act, even if an arming enhancement was pled but found not true by a jury.' [Citation.] That hypothetical situation is almost exactly what happened in the case at bar. . . . [W]e conclude *this situation* requires a heightened standard of proof for making section 1170.126, subdivision (f), resentencing eligibility determinations." (*Id*., at p. 849, italics added.) "[T]he heightened standard of proof should be beyond a reasonable doubt." (*Id*., at p. 853.)

Unlike *Arevalo*, here the trier of fact did not acquit appellant of the charge of possession of a firearm by a felon and find an "armed with a firearm" allegation not

7

true.  Thus, the trial court properly applied the preponderance of the evidence standard in determining appellant's eligibility for resentencing under section 1170.126.

*Disposition*

The order denying appellant's section 1170.126 petition for resentencing is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Noah P. Hill, Deputy Attorney General, for Plaintiff and Respondent.