Filed 8/3/16  P. v. Holden CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GARY EUGENE HOLDEN,<br><br>Defendant and Appellant. | F071674<br><br>(Super. Ct. No. 12389A)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Mariposa County.  F. Dana Walton, Judge.

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J. and Smith, J.

**INTRODUCTION**

On January 29, 2015, a jury found defendant Gary Eugene Holden guilty of one count of being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)). Defendant admitted a prior strike, and was sentenced to a term of four years in prison. On appeal, defendant contends: (1) there was insufficient evidence to support his conviction for unlawful possession of a firearm; and (2) the trial court erred by failing to instruct the jury that transitory possession of a firearm for the purpose of disposal is insufficient to support a conviction for unlawful possession of a firearm. We affirm.

**FACTS**

On September 18, 2014, Mariposa County Sheriff's Department Sergeant Kim Miller initiated a traffic stop on a vehicle being driven by defendant, a convicted felon. As Miller approached the car, she observed a shotgun sitting between the driver's seat and front passenger's seat. Miller ordered defendant and his passenger, Michelle Corn, out of the vehicle, and a subsequent search of the vehicle revealed narcotics, as well as two revolvers, ammunition, and several bags of personal items. Corn stated she was moving out of defendant's trailer, and the weapons belonged to her and not defendant.

**DISCUSSION**

*I.    There Was Sufficient Evidence to Support Defendant's Conviction*

Defendant contends there was insufficient evidence to support his conviction for unlawful possession of a firearm. We disagree.

When addressing a challenge to the sufficiency of the evidence, we view the record in the light most favorable to the conviction and presume the existence of every fact in support of the conviction the trier of fact could reasonably infer from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396.). "Reversal is not warranted unless it appears ' "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." ' " (*People v. Duran* (2002) 97 Cal.App.4th 1448, 1457.)

2

Penal Code section 29800 provides that "[a]ny person who has been convicted of a felony …, and who owns, purchases, receives, or has in [his] possession or under [his] custody or control any firearm is guilty of a felony." Possession need not be exclusive; more than one person can jointly possess a firearm. (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.) Possession may be inferred by a defendant's conduct. (*Id.* at pp. 622-623.) Though "[d]ominion and control are essentials of possession" that "cannot be inferred from mere presence or access," and "something more must be shown," "the necessary additional circumstances may, in some fact contexts, be rather slight." (*People v. Zyduck* (1969) 270 Cal.App.2d 334, 336.)

In the instant case, defendant had a shotgun laying in the open next to his seat. While Corn stated the weapon belonged to her, there was clearly sufficient evidence for the jury to conclude defendant had joint possession of the weapon based on its placement in defendant's automobile. There was no testimony stating Corn held the shotgun or otherwise exercised some form of exclusive control over the weapon. Instead, the record shows the shotgun was placed in between Corn and defendant.

Further, Sergeant Miller testified that when she attempted to initiate the stop on defendant's vehicle, defendant initially sped up and did not pull over for approximately a mile. She also testified defendant acknowledged his status as a felon and stated he was not legally permitted to have a firearm. The open placement of the weapon, defendant's knowledge of his status as a felon, and defendant's original hesitancy to submit to a traffic stop all provide evidence supporting the jury's finding that defendant was aware of the weapon and in joint possession of it at the time of the traffic stop. Accordingly, viewing the evidence in the light most favorable to the conviction, we affirm.

II.     *The Trial Court Did Not Err by Failing to Instruct the Jury on Transitory Possession*

Next, defendant argues the jury should have been instructed on transitory possession. We disagree.

3

In *People v. Mijares* (1971) 6 Cal.3d 415 (*Mijares*), the California Supreme Court held that momentary or transitory possession of an unlawful narcotic for the sole purpose of disposing of it could constitute a defense to the charge of possession of a controlled substance. (*Mijares, supra*, 6 Cal.3d at p. 419.) The defense also applies to firearm possession. (*People v. Martin* (2001) 25 Cal.4th 1180, 1191.) The defendant bears the burden of proving the defense by a preponderance of the evidence. (*Id*. at p. 1192, fn. 10.)

A trial court has a sua sponte duty to instruct on the defense " 'only if it appears that the defendant is relying on such a defense, or if there is substantial evidence supportive of such a defense and the defense is not inconsistent with the defendant's theory of the case.' " (*People v. Barton* (1995) 12 Cal.4th 186, 195.)

On appeal, defendant asserts that if he did possess the shotgun, it was only transitory possession for the purposes of moving the firearm off of his property. Defendant did not, however, testify or present evidence in support of this theory, other than Corn's testimony that the shotgun belonged to her and defendant was helping her move her things. Further, defendant's possession was not momentary or transitory, but rather lasted for the entire duration of his drive.

Given the length of defendant's possession, and the lack of evidence to support a theory of momentary possession for the purpose of disposal, the trial court did not err by failing to issue a sua sponte instruction to the jury concerning the defense of transitory possession.

## DISPOSITION

The judgment is affirmed.