Filed 5/23/23  P. v. Lee CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096602 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. STK-CR-FE-2020-0012837) |
| WILLIAM DARRYL LEE, | |
| Defendant and Appellant. | |

A jury found defendant William Darryl Lee guilty of possession of a firearm and ammunition by a convicted felon.  Defendant argues insufficient evidence supports his convictions because the evidence does not show he had possession of the firearm and ammunition.  Finding no merit in defendant's argument, we will affirm the judgment.

BACKGROUND

The prosecution charged defendant with one count of possession of a firearm as a convicted felon (Pen. Code, § 29800, subd. (a)(1))[1] and one count of possession of

---

[1] Undesignated statutory references are to the Penal Code.

ammunition as a convicted felon (§ 30305, subd. (a)(1)). In the same information, the prosecution charged codefendant Erica Crockett with purchasing or receiving a firearm as a restricted person. (§ 29825, subd. (a).) Defendant and Crockett were tried jointly. After a mistrial, they were tried in a second trial. Crockett is a not a party in this appeal.

Officer David Muser testified at trial that he and his partner responded to a report of a vehicle collision. Officer Muser saw defendant about 250 feet away from an overturned Honda. As the officer approached, defendant walked to the rear passenger side of a silver Ford. Defendant looked at the officers and began fumbling around in his sweatshirt or waistband with his back toward the officers. Officer Muser's partner, Officer Jack Orosco, said defendant's elbows were moving as if he were manipulating something near his waist or stomach. The officers could not see defendant's hands, but one of them heard a loud metallic sound.

Officer Muser drew his gun because he thought defendant had thrown a gun. Defendant walked over to Officer Orosco and said he was okay. Officer Muser moved toward the front driver's side of the Ford and saw codefendant Erica Crockett sitting on the ground on the other side of the car. Officer Muser looked under the Ford and saw a Beretta handgun near the passenger's side rear door. When he retrieved the gun, it was warmer than the ambient temperature outside, which was approximately 41 degrees. The gun had a magazine and one round in the chamber. The officers detained defendant and Crockett. Officer Muser did not know if any DNA evidence was collected from the gun.

In closing arguments, the prosecutor suggested two scenarios. The prosecutor said it was possible defendant had the gun on his person and threw it on the ground when he saw the officers approaching. The prosecutor argued it was also possible that Crockett had the gun on her person, defendant told her there were police officers behind him, and she threw the gun on the ground. In the prosecutor's view, both scenarios showed defendant had the ability to control the gun, and thus had possession of the gun.

2

The jury found defendant and Crockett guilty on all charges.

DISCUSSION

Defendant contends there was insufficient evidence to support his convictions for possession of a firearm and possession of ammunition by a convicted felon. He argues that because he and Crockett were both convicted, the jury necessarily found that both of them had control of the firearm, but the evidence is not sufficient to support a finding that defendant controlled or possessed the firearm.

Where the sufficiency of evidence is challenged on appeal, we review the record in the light most favorable to the judgment to determine whether it discloses substantial evidence. (*People v. Snow* (2003) 30 Cal.4th 43, 66.) Substantial evidence is evidence that is "reasonable, credible and of solid value -- from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*Ibid.*) We draw all reasonable inferences in favor of the judgment. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11-12.) We will not set aside a judgment for insufficient evidence unless it clearly appears "that on no hypothesis whatever is there sufficient substantial evidence to support the verdict of the jury." (*People v. Hicks* (1982) 128 Cal.App.3d 423, 429.) This standard applies even for a conviction based largely on circumstantial evidence. (*People v. Redrick* (1961) 55 Cal.2d 282, 289.)

Possession of a firearm under section 29800, subdivision (a)(1) includes the following elements: "(1) the defendant possessed a firearm, (2) the defendant knew that he possessed the firearm, and (3) the defendant had previously been convicted of a felony." (*People v. Clark* (2021) 62 Cal.App.5th 939, 958.) Possession of ammunition under section 30305, subdivision (a)(1) prohibits a felon from " 'possess[ing]' or having" ammunition " 'under [his] custody or control.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 132-133.) Possession may be "physical or constructive." (*People v. Miranda* (2011) 192 Cal.App.4th 398, 410.) A defendant has actual, or physical, possession "when the weapon is in his immediate possession or control. He has constructive

3

possession when the weapon . . . is nonetheless under his dominion and control, either directly or through others." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1083-1084.) More than one person may possess the same contraband. (*Miranda*, at p. 410.) "Possession may be imputed when the contraband is found in a place which is immediately accessible to the joint dominion and control of the accused and another." (*Ibid*.) While there must be something more than mere access to show dominion and control, "the necessary additional circumstances may, in some fact contexts, be rather slight." (*People v. Zyduck* (1969) 270 Cal.App.2d 334, 336.)

Here, defendant seemed surprised when approached by police officers, fumbled around with something near his stomach or waist area out of view of the officers, and moved towards the rear passenger side of the silver Ford. One of the officers heard a metallic noise, as if defendant had dropped something on the ground, and a later search found a handgun in that location. The handgun was slightly warm, consistent with recent handling. Based on the evidence, it would be reasonable for a jury to conclude that defendant had physical possession of the handgun, and the ammunition inside it, and attempted to hide it under the car when he noticed the officers approaching.

Defendant relies on *In re I.A.* (2020) 48 Cal.App.5th 767, 779, and *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417, disapproved on other grounds by *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6, but both cases are distinguishable. In *Sifuentes*, the defendant was not on the bed where the firearm was found. (*Sifuentes*, at p. 1414.) And in *In re I.A.*, the minor had " ' "[m]ere proximity" ' " to the firearm. (*In re I.A.*, at p. 779.) But here, defendant's location was not the only evidence of his guilt. He was close to where the firearm was found, and circumstantial evidence also suggested he had possession of it and dropped it in that location.

Defendant argues the jury necessarily found that he had constructive possession of the firearm whereas Crockett had actual possession, and this is the only way for the

verdicts to make sense.  We disagree.  Sufficient evidence supports defendant's firearm and ammunition possession convictions.[2]

DISPOSITION

The judgment is affirmed.


_____/S/_____

MAURO, J.

We concur:


_____/S/_____

HULL, Acting P. J.


_____/S/_____

RENNER, J.

---

[2] In any event, there is no requirement that the verdicts be consistent.  (*People v. Avila* (2006) 38 Cal.4th 491, 600.)

5